UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. SHELTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:05-0617 |
| | ) Judge Echols |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 36), in which the Magistrate Judge recommends that Petitioner's Motion under 28 U.S.C. § 2255 (Docket Entry No. 1) be granted insofar as Petitioner claims trial counsel was ineffective in failing to file a direct appeal in Petitioner's criminal case. The R & R also recommends that Petitioner's sentence be vacated and that Petitioner be resentenced so that he can file a notice of appeal. The Government has filed an Objection (Docket Entry No. 37) to the R & R (Docket Entry No. 36).

**I. STANDARD OF REVIEW**

Upon review of an R & R to which objections have been filed, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or

written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed.R.Civ.P. 72(b). A district court is to make a "*de novo* determination," and is not required to conduct a *de novo* hearing when objections are made to credibility assessments. <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980). If the district court elects not to hold an evidentiary hearing, it is required to consider the record which has been developed before the Magistrate Judge and give "fresh consideration" to those issues to which specific objection has been made. <u>Id</u>. at 675.

## II. DISCUSSION

Petitioner's Motion under Section 2255 is not a model of clarity. While he makes several claims, all of those claims appear to be grounded upon his assertion that trial counsel, Glen Haymaker ("Haymaker"), was ineffective in failing to file a notice of appeal after Petitioner pled guilty and was sentenced for his involvement in the robbery of a convenience store.

In its Answer (Docket Entry No. 17), the Government also reads the Motion under Section 2255 as being grounded on Petitioner's claim of ineffectiveness of counsel in failing to file an appeal. After that Answer, counsel was appointed for Petitioner and provided an opportunity to respond to the Government's Answer. In post-Answer filings (Docket Entry Nos. 27 & 35), Petitioner focuses solely on his contention that counsel was ineffective in failing to

2

file an appeal. Thus, it appears that the only issue presented is whether counsel was ineffective in failing to file an appeal and that all of Petitioner's claimed errors (such as the trial court's failure to sufficiently take into account Petitioner's alleged diminished capacity at sentencing) stem from the overarching claim that counsel never presented such errors to the appellate court by timely filing an appeal.

In any event, under the Plea Agreement entered into between the Petitioner and the Government in the criminal case, Petitioner agreed to waive his right to appeal any sentence within the applicable guideline range, except for claims relating to prosecutorial misconduct and ineffective assistance of counsel. Petitioner also waived the right to challenge the entry of his guilty plea and the sentence imposed in any collateral attack, including a motion brought under section 2255, except for claims of ineffective assistance of counsel. Petitioner presents nothing from which the Court could conclude that his plea agreement was coerced or entered into involuntarily. See, Blackledge v. Allison, 431 U.S. 63, 71 (1977)("dispositions by guilty pleas are accorded a great measure of finality"). Thus, the Court turns to Petitioner's claim that counsel was ineffective in failing to file an appeal.

Prior to making the recommendation that Petitioner be resentenced, the Magistrate Judge conducted an evidentiary hearing during which Petitioner and Haymaker testified. The Magistrate Judge found it "possible" that Petitioner requested his trial counsel to file a notice of appeal on his behalf. However, no such notice was ever filed. Thus, the Magistrate Judge recommends resentencing so that Petitioner may take a direct appeal of his underlying criminal conviction. The Government objects, arguing that the Magistrate Judge "erred in weighing the credibility of the two testimonies." (Docket Entry No. 37 at 2).

After a preliminary review of the entire record, the Court determined that an evidentiary hearing would be appropriate so that the Court could make credibility assessments. The Court then entered an Order (Docket Entry No. 43) vacating the R & R and scheduling an evidentiary hearing for December 20, 2007. However, at the scheduled hearing, Petitioner's counsel informed the Court that Petitioner may not have been able to understand the nature of the proceedings at that time and therefore counsel wanted a continuance to allow counsel more time to work with his client to overcome his mental problems or perhaps have Petitioner evaluated by mental health experts. The requested continuance was granted.

On April 14, 2008, a "Notice and Motion" (Docket Entry No. 53) was filed in which counsel for Petitioner indicates that he has met

4

with Petitioner on several occasions and believes that Petitioner is now capable of understanding the present proceedings. Counsel also stated in the Notice that he does not believe a second evidentiary hearing is necessary to resolve Petitioner's claim of ineffective assistance of counsel at his sentencing hearing and that the Court should rule on the pending Section 2255 Motion based upon the record which has already been developed. The Government concurs that a further hearing is unnecessary. Accordingly, the Court will rescind the Order (Docket Entry No. 43) which vacated the R & R, reinstate the R & R, consider the Government's Objection thereto, and then determine whether Petitioner has established ineffectiveness of his counsel based upon the record as it presently exists.

To establish ineffective assistance of counsel, Petitioner must show that his trial or appellate counsel's performance was (1) deficient and (2) that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). A reasonable

5

probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Id.  A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697.

In the context of a failure to perfect an appeal, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." Regalado v. United States, 334 F.3d 520, 524 (6th Cir. 2003)(quoting Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). However, absent specific instructions, an attorney is only required to consult with his or her client about the advantages and disadvantages of an appeal and the client's wishes. Id. If, after consultation, a defendant fails to give express instructions to appeal, the defendant cannot meet the first prong of the Strickland test because he cannot show that his counsel's performance was deficient. Id. at 526.

In this case, the Magistrate Judge concluded that given Petitioner's "firm" statements and counsel's inability to recall a specific request, it was possible that Petitioner asked counsel to appeal but counsel failed to follow that request.  In arriving at that conclusion, the Magistrate Judge made no specific credibility determinations.  However, even if the R & R may be read as

6

crediting the Petitioner's testimony over that of trial counsel, such a determination is not conclusively binding. "'Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his <u>de novo</u> review of the record he finds a reason to question the magistrate judge's assessment.'" <u>United States v. Davidson</u>, 2008 WL 170507 at *6 (E.D. Ky. 2008)(quoting, <u>United States v. Brown</u>, 2007 U.S. Dist. Lexis 33521 *3, 2007 WL 1345463 (E.D.Tenn. May 7, 2007)).

This Court's review of the record leads it to conclude that Petitioner's statements that he told counsel to appeal are not credible because they are undercut by his testimony at the evidentiary hearing. During that hearing, the following exchange occurred between Petitioner and his counsel:

> Q. At the sentencing, did the Court tell you that you had a right to appeal your case?
> A. Yes.
> Q. And did you ask Mr. Haymaker [Petitioner's trial counsel] to file a notice of appeal for you?
> A. Yes, and also the Court asked.
> Q. And –
> THE COURT: I'm sorry, what?
> A. I said yes, and also the Court asked if we would like to file an appeal, and it was responded as yes.

(Docket Entry No. 33 at 4-5). During cross-examination, the following exchange took place between Government's counsel and Petitioner:

7

> Q. Okay, and did I understand you say a moment ago that the Court also asked your attorney to file an appeal on your behalf?
> A. Yes.
> Q. Okay, and this was during the sentencing hearing?
> A. Yes, the exact date.
> Q. Okay. Now isn't it possible that what the Court did was ask, informed you and your counsel sitting there that you had 10 days in order in which to file an appeal if you wanted to do one?
> A. Yes.
> Q. Okay, but your testimony today is that the Court also asked, went beyond that and asked your attorney to file an appeal on your behalf?
> A. Well, they knew that we was probably going to be requiring to file an appeal, and the answer was yes.
> Q. Okay, so you interpreted what the Court said as asking your attorney to file an appeal.
> A. Well, they was asking, are we or will we be filing [an] appeal basically.
> Q. Okay, so the Court asked, will you be filing –
> A. So, will [sic] be considering filing an appeal. We said yes.

(Id. at 7-8).

As the above excerpts make clear, during both his direct testimony and cross-examination, Petitioner testified that the Court asked him whether he wanted to take an appeal and that trial counsel said "yes." However, that simply did not occur. At the sentencing hearing, Judge Trauger stated:

> Mr. Shelton, to the extent that you retained the right to appeal your sentence in your plea agreement, your notice of appeal must be filed within ten days, and you may apply to appeal under the pauper's oath if that is appropriate.

8

(Case No. 3:02-00174, Docket Entry No. 209 at 58).[1] After that statement, Judge Trauger directed the probation officer to add an additional paragraph to the presentence report relating to medical records in the case. There was no inquiry from Judge Trauger about whether Petitioner intended to appeal, and no statement from Petitioner or trial counsel about any intention to appeal.[2]

Further, Petitioner admittedly does not clearly remember his sentencing hearing. During the course of the evidentiary hearing in response to questions from the Magistrate Judge about the terms of his Plea Agreement, Petitioner testified, "I really wasn't for sure exactly the type of agreement that I actually had, because I wasn't really aware, and I was incompetent to a certain extent." (Docket Entry No. 33 at 10).

Apart from Petitioner's questionable testimony, there is nothing to support the proposition that he did in fact ask counsel to appeal. While the Magistrate Judge found much in the fact that Haymaker could not remember being asked to file an appeal, the Court does not find this inability to recall to be telling,

---

[1] Petitioner was sentenced on June 7, 2004, and the Judgment and Commitment Order was entered on June 15, 2004.

[2] Aside from claiming that "the Court" asked about whether he intended to appeal, Petitioner never indicated during the evidentiary hearing precisely when he supposedly asked Haymaker to file an appeal, other than to say that it was on "the exact date" of the sentencing. (Docket Entry No. 33 at 7).

9

particularly since Haymaker stated that had he been asked to file a notice of appeal he would have done so.

Haymaker is engaged in the private practice of law and 98% of his practice is devoted to criminal cases. He has been counsel of record in around thirty federal criminal cases which have been resolved pursuant to a plea agreement. Haymaker testified that he has never had a judge tell him to file a notice of appeal, but that if one told him to do so he would follow that directive.

Haymaker also recalled that the day before Petitioner's sentencing hearing he reviewed the Plea Agreement with his client and discussed not only the waiver of appeal but also the appellate rights which were retained in the Plea Agreement, including issues of ineffective assistance of counsel and prosecutorial misconduct. Haymaker also stated that he would have told Petitioner that he had ten days within which to file an appeal. However, Haymaker did not expect Petitioner to file an appeal, or have any reason to believe that Petitioner would want to take an appeal given that the Plea Agreement was favorable to Petitioner.[3]

---

[3]Under the Plea Agreement, the Government agreed that Petitioner should receive a sentence at the bottom end of the applicable Guideline range. Additionally, Haymaker testified that, contrary to the then-prevailing practice, the Government allowed the Defendant to reserve the right to file downward departure motions.

10

As for any specific request to file an appeal, Haymaker testified that he did not recall Petitioner asking him to file a notice of appeal. In fact, what Haymaker did recall was that some months after sentencing, Petitioner called him on his cellphone while Haymaker was shopping with his wife at a Havertys furniture store. During that conversation, which lasted ten to fifteen minutes, Petitioner asked about the possibility of an appeal and Haymaker told him that Petitioner's only option at that point was to file a Section 2255 Motion.

At the end of his testimony at the evidentiary hearing, Haymaker was asked, "If Mr. Shelton had asked you, within the 10 days after his sentencing, at the sentencing or within 10 days thereafter to file an appeal, would you have done so?" (Docket Entry No. 33 at 16). Haymaker responded, "Absolutely, I, there would have been no reason for me not to." (Id. at 17).

In his decision, the Magistrate Judge observed that Haymaker's testimony "does not exclude the possibility that he was requested to file a notice of appeal." (Docket Entry No. 36 at 6). While that is "possible," it neglects to consider that Haymaker affirmatively stated that had he been requested to file an appeal within the ten days provided for under the rules, he would "absolutely" have done so. The only logical inference from Haymaker's testimony is that he was not asked to file an appeal,

11

otherwise an appeal would "absolutely" have been filed on Petitioner's behalf.

The Court credits the credibility of Haymaker, who was positive and clear about the sentencing hearing and his discussions with Petitioner, over the credibility of Petitioner who testified at the evidentiary hearing that he was not sure about his Plea Agreement at the Sentencing Hearing and "wasn't really aware, and I was incompetent to a certain extent." However, he now alleges in his Petition that on that same day he remembers asking Haymaker to file an appeal. Petitioner's testimony at the evidentiary hearing raises further questions about his credibility and the accuracy of his memory when he testified that Judge Trauger asked if he was going to file an appeal. This is not accurate. The Court also notes that Petitioner's current attorney filed a motion to continue the second scheduled evidentiary hearing based upon Petitioner's lack of understanding or mental problems which may have to be evaluated by experts.

The Magistrate Judge also stated that "Mr. Haymaker is an experienced criminal lawyer and the Magistrate Judge believes that if he had fully understood the Petitioner's request for an appeal he would have done so." (Id.). This observation actually weighs against a finding of ineffectiveness under the Supreme Court's decision in Roe. Roe, 528 U.S. at 478 (emphasis added) ("Counsel

12

performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal").

Based upon a review of the entire record, the Court finds that (1) Petitioner's memory about the sentencing hearing is not clear, (2) Haymaker reviewed the Plea Agreement with Petitioner the day prior to the sentencing, including his right to appeal, but that Petitioner was waiving in the Plea Agreement his right to appeal except for the involuntariness of his plea, prosecutorial misconduct and ineffective assistance of counsel, (3) the Court did not ask Petitioner toward the end of the sentencing hearing if he planned to appeal the sentence, and (4) Petitioner did not specifically ask Haymaker to file an appeal on his behalf on the same date of his sentencing hearing or at any time within the time provided for filing an appeal. His claim of ineffectiveness therefore fails on the first prong of the Strickland inquiry because the evidence is undisputed that the Court and Haymaker explained to Petitioner that he had a right to appeal claims of ineffectiveness or prosecutorial misconduct and that he had ten days within which to do so. See,Davidson, 2008 WL 170507 at *5 ("If, after consultation, a defendant fails to give express instructions to appeal, the defendant cannot meet the first prong of the Strickland test because he cannot show that his counsel's

13

performance was deficient"). Because the Petitioner cannot meet the first prong, the Court need not reach the issue of prejudice under <u>Strickland</u>. <u>Regalado</u>, 334 F.3d at 526.

### III. CONCLUSION

On the basis of the foregoing, the Order (Docket Entry No. 43) vacating the R & R (Docket Entry No. 36) will be rescinded and the R & R will be reinstated. The Government's Objection to the R & R will be sustained and the R & R will be rejected. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 1) will be denied and this case will be dismissed with prejudice.

In light of the fact that this Court and the Magistrate Judge have reached opposite conclusions based on the same record, a Certificate of Appealability will be granted on the issue of whether Petitioner was denied the effective assistance of counsel because counsel did not file a notice of appeal in the underlying criminal case.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

14